

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SPN/MKM/KDE

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 5, 2019

By ECF

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Brayan Jiménez,
>       Criminal Docket No. 15-252 (S-1) (PKC) (RML)

Dear Judge Chen:

The government respectfully submits this letter in response to and in support of the restitution submission filed by victim entity CONCACAF, on its behalf and on behalf of the Guatemalan soccer federation ("FENAFUTG"),[1] in connection with the sentencing of defendant Brayan Jiménez.

I.      Background

Jiménez was sentenced on February 5, 2019, following his guilty plea to conspiratorial racketeering and wire fraud charged in connection with the government's investigation into corruption in international soccer.  Jiménez is the former president of FENAFUTG, a constituent member of CONCACAF.  Jiménez admitted his involvement in, among other things, bribery schemes relating to (i) the sale of media and marketing rights for the Guatemalan men's national team's home World Cup qualifying matches; and (ii) the right to organize various friendly matches.  With respect to the World Cup qualifiers scheme, Jiménez and his co-conspirators agreed to receive over $600,000 in bribes.  As to the friendlies scheme, Jiménez agreed to receive approximately $20,000 in bribes and ultimately received approximately $5,000.  At sentencing, the Court deferred ordering restitution for up to 90 days pursuant to 18 U.S.C. § 3664(d).  See Minute Entry dated Feb. 5, 2019.

---

[1] CONCACAF notes that it "has not been able to confirm that it has formal authority to act as the representative of [FENAFUTG but] . . . nonetheless observes that FENAFUTG is entitled to restitution" as set forth in its letter.  CONCACAF Ltr., ECF Dkt. No. 1207, at 1.

On February 19, 2019, CONCACAF submitted a request for restitution, asking that the Court order Jiménez to pay: (i) $20,000 relating to the friendlies scheme; (ii) $1,478,204.70 in investigative and legal expenses; and (iii) $39,680 in attorneys' fees incurred in submitting the restitution request for those investigative and legal expenses. See CONCACF Ltr., ECF Dkt. No. 1207.

II.     Discussion

As CONCACAF correctly notes in its letter, see CONCACAF Ltr. at 1, the government supports CONCACAF's (and FENAFUTG's) requests restitution.

With respect to his bribery schemes, Jiménez should be ordered to pay the $20,000 in bribes that he agreed to receive in exchange for awarding the right to organize various friendly matches.[2]  Although Jiménez ultimately only received $5,000, the bribe payors were willing to pay inside the friendlies contract at least the additional $20,000 that they had agreed to pay Jiménez personally.  Accordingly, FENAFUTG suffered at least $20,000 in lost revenue from Jiménez's misconduct.  See, e.g., Judg., ECF Dkt. No. 758 (ordering Costas Takkas to pay in restitution $3 million, which was the agreed upon bribe, even though less than the full amount had been paid).

Jiménez should also be ordered to pay $1,478,204.70 to CONCACAF to compensate it for the investigative and legal expenses incurred.  As the Court has ruled with respect to co-defendants Juan Ángel Napout, José Maria Marin, Rafael Salguero and Eduardo Li, because Jiménez was convicted of racketeering conspiracy, he is "responsible for all reasonably foreseeable losses to the victims that resulted from the conspiracy, which includes the fees and costs incurred by CONCACF in assisting the government, at its request, with the investigation and prosecution of that conspiracy."  Feb. 24, 2019 Restitution Order, ECF Dkt. No. 1209 ("February 24 Order"), at 5 (citing Nov. 20, 2018 Restitution Order, ECF Dkt. No. 1084 ("November 20 Order"), at 16 n.13).

The Court should also require Jiménez to pay CONCACAF an additional $39,680 for legal expenses it incurred in connection with compiling its restitution request for the investigative and attorney fees.  As the Court ruled with respect to Li and Salguero, "CONCACAF has sufficiently justified its fees and expenses relating to its request for restitution . . . , given that it will be imposed jointly and severally on [Jiménez's co-conspirators], and reflects a 20% discount to offset the excessive hourly rates charged by CONCACAF's counsel.  See February 24 Order at 5-6, 8-9 (citing November 20 Order at 17-18).

---

[2] As CONCACAF observes, defendant US Imagina, LLC fully compensated FENAFUTG for the losses it suffered as a result of the World Cup qualifiers scheme. See CONCACAF Ltr. at 2 n.1; see also United States v. US Imagina, LLC, 18-CR-311 (E.D.N.Y.).

Finally, the government respectfully requests that the Court set an appropriate payment schedule for Jiménez in light of his current financial resources, projected earnings and other income, and any financial obligations of Jiménez, including obligations to dependents. <u>See</u> 18 U.S.C. § 3664(f)(2). The government will confer with Jiménez following his response and endeavor to jointly propose a payment schedule that appropriately reflects these factors.

III.     <u>Conclusion</u>

For the foregoing reasons, the government respectfully submits that the defendant Brayan Jiménez should be ordered to pay the following in restitution: (i) $20,000 to FENAFUTG; and (ii) $1,517,887.40 to CONCACAF, jointly and severally liable with co-defendants Napout, Marin, Salguero and Li on a payment schedule to be determined.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:        _____/s/_____

Samuel P. Nitze
M. Kristin Mace
Keith D. Edelman
Assistant U.S. Attorneys
(718) 254-7000

cc:     Counsel of record (by ECF)
        Clerk of Court (PKC) (by ECF)