

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

SPN/MKM/KDE

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 12, 2019

<u>By ECF</u>

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: <u>United States v. Brayan Jiménez,</u>
           <u>Criminal Docket No. 15-252 (S-1) (PKC) (RML)</u>

Dear Judge Chen:

      The government respectfully submits this letter in brief reply to the restitution submission filed by defendant Brayan Jiménez on March 5, 2019. ECF Dkt. No. 1213 ("BJ Ltr."). For the reasons set forth below, the Court should impose restitution as requested by CONCACAF in its submission dated February 19, 2019. <u>See</u> ECF Dkt. No. 1207 ("CONCACAF Ltr.").

I.    <u>The Friendly Matches</u>

      Jiménez urges the Court to deny CONCACAF's request on behalf of FENAFUTG, the Guatemalan football federation, for $20,000 in compensation for bribes Jiménez agreed to receive in that amount in exchange for awarding the right to organize various friendly matches. Jiménez argues that the request should be denied because (1) CONCACAF, by its own admission, is not authorized to seek restitution on behalf of FENAFUTG; and (2) FENAFUTG suffered no compensable losses in connection with the friendlies bribery scheme.

      As to the first argument, that FENAFUTG has yet to officially authorize CONCACAF to seek restitution on its behalf should not prevent the Court from entering an order compensating FENAFUTG for losses identified in CONCACAF's submission. As to the second point, this Court has awarded restitution on the same theory to other defendants in this case in connection with bribes paid to secure the right to produce soccer matches. <u>See</u>, <u>e.g.</u>, Judg., ECF Dkt. No. 758 (ordering Costas Takkas to pay in restitution $3 million, which was the agreed upon bribe, even though less than the full amount had been paid); Order dated Feb. 24, 2019, ECF Dkt. No. 1209 ("February 24 Order") (ordering Eduardo Li to pay in

restitution $140,000 to FEDEFUT, which included $40,000 in bribes received for awarding rights to friendly matches).

Jiménez relies on the Court's November 20, 2018 order denying restitution for lost rights revenue sought by CONCACAF and CONMEBOL in connection with the Copa América tournament, but that Order did not squarely address the issue raised here, namely, whether bribes paid to secure marketing rights are a reliable measure of the additional amount the company would have been willing to pay inside a clean contract. See Restitution Order, ECF Dkt. No. 1084 ("November 20 Order") at 18-24. Rather, the Court held that bribes were not an appropriate measure of lost revenue given the absence of record evidence "that the entire amount of the many kickbacks that were paid were solely for the purpose of securing lower contract prices." Id. at 22. The government does not understand FENAFUTG to be seeking restitution in the amount the contract price was depressed below fair market value, see id. at 23 (focusing on absence of data showing the market value of media contracts); rather, the federation seeks to recoup the minimum additional amount Fabio Tordin and his co-conspirator were willing to pay to secure the contract, see CONCACAF Ltr. at 2 (asserting that "Tordin and his co-conspirator considered the contract to be worth at least $20,000 more than they paid, and they would have been willing to pay $20,000 more for the contract in an honest transaction").[1]

II.     Attorneys' Fees

Jiménez asks the Court to reject CONCACAF's request for attorneys' fees and investigative costs for largely the same reasons Napout, Marin, and Li urged the Court to reject similar claims to restitution based on their conduct. Specifically, Jiménez argues that his conduct did not proximately cause the claimed losses and that CONCACAF has included in its request attorneys' fees incurred to protect itself from liability that are not compensable through restitution. See BJ Ltr. at 4-7. The Court should reject these arguments for the same reasons it has previously.

A.     Proximate Harm

Jiménez argues that his conduct did not proximately cause the expenses incurred by CONCACAF in assisting the government with its investigation and prosecution of this case. See BJ Ltr. at 4. He argues that given the relatively limited scope of his criminal conduct, it was not reasonably foreseeable to him that the United States government would begin a wide-ranging investigation resulting in significant victim expenses.

---

[1] The government notes, as it has previously, its disagreement with the Court's ruling with respect to Napout and Marin. See Gov't Ltr. dated Dec. 18, 2018, ECF No. 1144, at 2 & n.1.

The government agrees that, as argued by Jiménez, Lagos does not permit compensation to victims for costs of a private investigation undertaken by the victim on its own, and that only losses foreseeable to Jiménez are compensable in connection with his conspiratorial conduct. See, e.g., Gov't Ltr. dated Sept. 26, 2018, ECF Dkt. No. 1030, at 9-12. Neither proposition undercuts CONCACAF's claim for attorneys' fees. As Jiménez was convicted of racketeering conspiracy, he is "responsible for all reasonably foreseeable losses to the victims that resulted from the conspiracy, which includes the fees and costs incurred by CONCACAF in assisting the government, at its request, with the investigation and prosecution of that conspiracy." Feb. 24 Order at 5 (citing Nov. 20 Order at 16 n.13).

B. CONCACAF's Attorneys' Fees Were Necessary Expenses

Jiménez argues further that CONCACAF's request includes attorneys' fees expended to protect itself from liability. In fact, in prior proceedings, CONCACAF, with the government's concurrence, has limited its request for investigative fees to those incurred at the government's invitation or request. See Nov. 20 Order at 15-16 (recognizing that CONCACAF has sought reimbursement for "attorneys' fees in connection with responding to specific investigation requests from the government" and that "[t]he government has approved CONCACAF's request for restitution in connection with these activities"). In contrast to FIFA, these costs were not incurred to protect itself from criminal liability but rather were sustained at the government's behest. Cf. id. at 8 (denying FIFA's request because, among other reasons, FIFA admitted it "was motivated, at least in part, by a desire to demonstrate its cooperation . . . and avoid prosecution in any future indictment" and "a corporation acting out of self-preservation cannot turn around and have its costs reimbursed through restitution" (internal quotation marks and alterations omitted)).

III. The Proposed Restitution Order Would Be Constitutionally Sound

Jiménez also contends that imposition of restitution "of any amount not found by a jury beyond a reasonable doubt . . . violates [his] rights under the Sixth and Seventh Amendments." BJ Ltr. at 7. As Jiménez's citations make plain, that is not the law in this Circuit. See, e.g., United States v. Reifler, 446 F.3d 65, 118-20 (2d Cir. 2006) (rejecting argument that orders requiring the defendants "to make restitution for loss amounts not admitted in their plea allocutions violated their rights under the Sixth Amendment as enunciated in Booker" and collecting cases); cf. Hester v. United States, -- S. Ct. --, 2019 WL 113622 (Jan. 7, 2019) (Gorsuch, J. dissenting in the denial of certiorari and arguing the Court should decide the question).

IV.	Conclusion

For the foregoing reasons, the government respectfully submits that the defendant Brayan Jiménez should be ordered to pay the following in restitution: (i) $20,000 to FENAFUTG; and (ii) $1,517,884.70 to CONCACAF, jointly and severally liable with co-defendants Napout, Marin, Salguero and Li on a payment schedule to be determined.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:	/s/
Samuel P. Nitze
M. Kristin Mace
Keith D. Edelman
Assistant U.S. Attorneys
(718) 254-7000

cc:	Counsel of record (by ECF)
Clerk of Court (PKC) (by ECF)