

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SLR:LDM:BDM  *271 Cadman Plaza East*
F. # 2017R01840  *Brooklyn, New York 11201*

December 7, 2020

FILED BY ECF AND COURTESY COPY BY E-MAIL

Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:    United States v. Brayan Jiménez
                  Criminal Docket No. 15-252 (S-1) (PKC)

Dear Judge Chen:

        The government respectfully submits for the Court's approval the enclosed Stipulation of Settlement (the "Stipulation") in the above-captioned proceeding. During the period from May 21 through July 21, 2015, warrants were issued authorizing the seizure of any and all funds and/or securities on deposit in: (a) Bank Itau S.A. account number 3413001602469 held in the name of Alexander Keith Willy (the "Willy Account"); (b) Banco Itau International Account Number 6085700 held in the name of AW Group Investments Ltd (the "AW Group 5700 Account"); and (c) Banco Itau International Account Number JT2-005418 held in the name of AW Group Investments Ltd (the "AW Group 5418 Account" and, together with the AW Group 5700 Account, the "AW Group Accounts"). Following issuance of these warrants, the government seized the AW Group Accounts and requested that the Central Authority for the Federative Republic of Brazil (the "CAFRB") take steps to effectuate the restraint of the Willy Account. Upon seizure of the AW Group Accounts and restraint of the Willy Account (collectively, the "Subject Accounts"), the accounts contained cash and marketable securities.

        On or about July 29, 2016, defendant Brayan Jiménez (the "defendant") entered a plea of guilty to Counts One and Forty-Two of the Superseding Indictment in the above-captioned case (the "S-1 Indictment"), charging violations of 18 U.S.C. § 1962(d) and 18 U.S.C. § 1349. In conjunction with the sentencing of the defendant on or about February 8, 2019, the Court entered an Amended Preliminary Order of Forfeiture (the "Amended POF") pursuant to 18 U.S.C. § 1963(a), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), directing the forfeiture of the Willy Account and the AW Group Accounts, as: (i) property that the defendant acquired an interest in and maintained in violation of 18 U.S.C. § 1962, property that the defendant has an interest in, security of, and claims against; property and

contractual rights that afford a source of influence over the enterprise that the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of 18 U.S.C. § 1962; property that the defendant derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of 18 U.S.C. § 1962; and/or as substitute assets in accordance with the provisions of 18 U.S.C. § 1963(m); and (ii) property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

Following seizure of the AW Group Accounts, restraint of the Willy Account, and entry of the Amended POF, counsel for interested third parties Alexander Kenneth Willy ("Mr. Willy") and his companies, AW Group Investments Ltd ("AW Group") and Willy Consultoria LDTA ("Willy Consultoria" and, together with AW Group and Mr. Willy, the "Claimants") contacted the United States and represented that the Claimants have an interest in the Subject Accounts. The United States and the Claimants (collectively, the "Parties") entered into the Stipulation for the purpose of resolving the interest of the Claimants in the Subject Accounts without further litigation.

Pursuant to the Stipulation, the Claimants agreed to the forfeiture to the United States of $1,150,000, liquidated from assets held in the AW Group Accounts, in exchange for the release to the Claimants of the remaining balance of funds held in the AW Group Accounts. See Stipulation, at ¶¶ 2-4. In addition, the government agreed to arrange for the transmission of a request to the CAFRB requesting release of any previously-requested freeze, restraint or hold on the Willy Account. Id. at ¶ 3.

Accordingly, the Parties jointly request that the Court "so order" the proposed Stipulation in order to resolve this matter.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By:   /s/
Samuel P. Nitze
M. Kristin Mace
Keith D. Edelman
Brian D. Morris
Assistant U.S. Attorneys
(718) 254-7000

Enclosure
cc:   Counsel of Record (by ECF)