SLR:LDM:BDM
F. 2017R01840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA

- against -

BRAYAN JIMÉNEZ,

        Defendant.

----------------------------------X

AW GROUP INVESTMENTS LTD,
WILLY CONSULTORIA LTDA, and
ALEXANDER KENNETH WILLY,

        Interested Third Parties.
----------------------------------X

STIPULATION OF SETTLEMENT

15 CR 252 (S-1) (PKC)

        WHEREAS, on or about May 21, 2015, the Court issued a warrant authorizing the seizure, pursuant to 18 U.S.C. § 981(b), of any and all funds on deposit in Bank Itau S.A. account number 3413001602469 held in the name of Alexander Kenneth Willy, and all proceeds traceable thereto (the "Willy Account"), based upon a showing of probable cause to believe that the Willy Account is subject to civil forfeiture to the United States, pursuant to 18 U.S.C. § 981(a);

        WHEREAS, on or about May 26, 2015, the Court issued a warrant authorizing the seizure, pursuant to 18 U.S.C. § 981(b), of any and all securities and funds on deposit in Banco Itau International Account Number 6085700 held in the name of AW Group Investments Ltd, and all proceeds traceable thereto (the "AW Group 5700 Account"), based



upon a showing of probable cause to believe that the AW Group 5700 Account is subject to civil forfeiture to the United States, pursuant to 18 U.S.C. § 981(a);

WHEREAS, on or about July 22, 2015, the Court issued a warrant authorizing the seizure, pursuant to 18 U.S.C. § 981(b), of any and all securities and funds on deposit in Banco Itau International Account Number JT2-005418 held in the name of AW Group Investments Ltd, and all proceeds traceable thereto (the "AW Group 5418 Account" and, together with the AW Group 5700 Account, the "AW Group Accounts"), based upon a showing of probable cause to believe that the AW Group 5418 Account is subject to civil forfeiture to the United States, pursuant to 18 U.S.C. § 981(a);

WHEREAS, following issuance of warrants authorizing seizure of the AW Group Accounts and the Willy Account (collectively, the "Subject Accounts"), the government seized the AW Group Accounts and requested that the Central Authority for the Federative Republic of Brazil (the "CAFRB") take steps to effectuate the restraint of the Willy Account;

WHEREAS, upon seizure of the AW Group Accounts and restraint of the Willy Account, the Subject Accounts contained cash and marketable securities;

WHEREAS, on or about July 29, 2016, defendant Brayan Jiménez (the "defendant") entered a plea of guilty to Counts One and Forty-Two of the Superseding Indictment in the above-captioned case (the "S-1 Indictment"), charging violations of 18 U.S.C. § 1962(d) and 18 U.S.C. § 1349;

WHEREAS, on or about February 8, 2019, in conjunction with the sentencing of the defendant, the Court entered an Amended Preliminary Order of Forfeiture (the "Amended POF") pursuant to 18 U.S.C. § 1963(a), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C.

§ 2461(c), directing the forfeiture of the Subject Accounts, as (i) property that the defendant acquired an interest in and maintained in violation of 18 U.S.C. § 1962, property that the defendant has an interest in, security of, and claims against; property and contractual rights that afford a source of influence over the enterprise that the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of 18 U.S.C. § 1962; property that the defendant derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of 18 U.S.C. § 1962; and/or as substitute assets in accordance with the provisions of 18 U.S.C. § 1963(m); and (ii) property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, following seizure of the AW Group Accounts, restraint of the Willy Account, and entry of the Amended POF, counsel for interested third parties Alexander Kenneth Willy ("Mr. Willy") and his companies, AW Group Investments Ltd ("AW Group") and Willy Consultoria LDTA ("Willy Consultoria" and, together with AW Group and Mr. Willy, the "Claimants") contacted the United States and represented that the Claimants have an interest in the Subject Accounts;

WHEREAS, in support of the seizure of the AW Group Accounts and the restraint of the Willy Account, the government alleged that certain funds passing through the Subject Accounts constituted the proceeds of illegal activity charged in the above-captioned case (the "Subject Transactions") and that the Claimants knew or should have known about the unlawful nature of the Subject Transactions, which the Claimants categorically deny,

further contending that no forfeiture law permits the government's seizure and restraint of the Subject Accounts;

WHEREAS, the United States and the Claimants (collectively, the "Parties") hereby desire to enter into this stipulation of settlement (the "Stipulation") for the purpose of resolving the interest of the Claimants in the Subject Accounts without further litigation; and

WHEREAS, this Stipulation (i) is made in compromise of disputed claims, (ii) shall not constitute an admission by the Claimants of any facts or liability or wrongdoing, including, but not limited to, any liability or wrongdoing concerning any allegations that were or could have been raised against the Claimants or their property, and (iii) shall not constitute a concession by the United States that its allegations are not well-founded, and nothing in this Stipulation should be construed as, or deemed to constitute, approval, sanction, or authorization by the United States of any of the Claimants' conduct or business practices, or of any event or action alleged against Claimants or their claimed property in connection with the S-1 Indictment returned in the above-captioned case or any other proceeding.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED as follows:

1. The Claimants represent that they are the exclusive owners of the Subject Accounts and that they are authorized to execute this and all other documents necessary to effectuate the settlement with regard to the Subject Accounts as contemplated by this Stipulation. The United States represents that it has no reason to contest the Claimants' representations, and that it is not aware of any other claims to the Subject

Accounts. Upon the filing of this Stipulation with the Court, this Stipulation shall be deemed a timely-filed claim to the Subject Accounts by the Claimants.

2. In consideration of the government's release of the Settlement Amount (as defined in paragraph 3, below) and the dismissal and release by the United States of any existing or potential civil or administrative claims that have accrued or may accrue against the Claimants, the Subject Accounts, or any other property belonging to AW Group arising out of the facts and circumstances charged in the S-1 Indictment, the Claimants agree to forfeit to the United States the sum of one-million one hundred fifty thousand dollars and no cents ($1,150,000.00), which shall be liquidated from assets held in the AW Group Accounts (the "Forfeited Funds"). The parties shall provide Banco Itau S.A. with any information that may reasonably be necessary in order to effectuate this Agreement.

3. Following entry of a Final Order of Forfeiture upon completion of noticing and publication in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and provided that no other claims are filed to the Subject Accounts, the United States consents to the release to the Claimants of the remaining balance of funds held in the AW Group Accounts (the "Settlement Amount"). The government shall also (i) arrange for the transmission of a request (the "Request") to the CAFRB requesting release of any previously-requested freeze, restraint or hold on the Willy Account and return of the account to the full and exclusive control of Mr. Willy, (ii) provide Mr. Willy with written confirmation that the Request has been transmitted to the CAFRB, and (iii) respond, consistent with applicable law and regulation, to any request by the CAFRB for information that may be necessary in order to effectuate the Request; provided, however, that the Claimants acknowledge that the decision as to whether and when to release such restraints

does not rest with the United States and that the Willy Account may be separately pursued by the CAFRB or others.

4. Following entry of a Final Order of Forfeiture as to the Forfeited Funds, the government shall execute and file notices of dismissal with prejudice, in the form prescribed by Rule 41 of the Federal Rules of Civil Procedure, of all claims in their entirety in any pending civil proceedings against the Claimants, the Subject Accounts or other property belonging to the Claimants, which arise out of the facts and circumstances charged in the S-1 Indictment. The government shall provide written confirmation to counsel for the Claimants that it has filed all required notices of dismissal and, in connection with any required filings, shall further seek leave to provide the AW Group with copies of any such notices, together with any resulting Court orders.

5. The Claimants acknowledge and agree that by entering into this Stipulation, they waive any right to litigate any claimed interest in the Subject Accounts or to petition for remission or mitigation of the forfeiture of the Forfeited Funds. The Claimants hereby waive their rights, if any, to use the above-captioned action or its settlement as a basis to bring any administrative or judicial civil cause of action against the United States or as a basis for any statutory or constitutional defense in any other civil, criminal, or administrative action, including, without limitation, defenses based upon the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment. Neither entering into this Stipulation nor making or receiving any payment hereunder shall be construed as an admission of liability or wrongdoing by any party.

6. The United States acknowledges and agrees that by entering into this Stipulation it shall have no further right to pursue, based upon the facts and circumstances set forth in the S-1 Indictment, forfeiture of the Willy Account or the Settlement Amount, which shall be excluded from any final order of forfeiture. Aside from the forfeiture of the Forfeited Funds, the United States shall not seek any further criminal, civil or administrative forfeiture of any property belonging to the Claimants based upon the facts and circumstances set forth in the S-1 Indictment.

7. The United States shall fully and irrevocably release, acquit and forever discharge the Claimants and all of their respective property, including but not limited to the Willy Account and the Settlement Amount; all current and former parents, subsidiaries, related corporations and affiliates; all past, present and future officers, directors, agents, attorneys and employees; and all respective successors, assigns, heirs, executors and administrators for each of them from any and all civil or administrative claims, however denominated, including but not limited to liability for civil penalties pursuant to 18 U.S.C. § 1956(b)(1), which the United States has asserted, could have asserted, or may assert in the future against the Claimants, and which arise, directly or indirectly, out of the facts and circumstances set forth in the S-1 Indictment; provided, however, that nothing in this Stipulation shall be deemed to resolve, limit, or in any way affect (i) the Claimants' potential criminal exposure or liabilities to the United States, including claims of restitution, (ii) tax liabilities of the Claimants arising under Title 26 of the United States Code, or (iii) any other civil or administrative liabilities or obligations of the Claimants that do not arise out of facts and circumstances set forth in the S-1 Indictment.

8.   The government makes no representations, express or implied, as to the tax consequences, if any, of the settlement of the Claimants' claims, the forfeiture of the Forfeited Funds, or the release of the Settlement Amount.

9.   The Claimants and their heirs, assigns, and representatives hereby agree to release, indemnify and hold harmless the United States, and any officers, agents, and employees, past and present, of the United States, including but not limited to the United States Department of Justice, the United States Attorney's Office for the Eastern District of New York, United States Marshals Service, the Federal Bureau of Investigation, and the Internal Revenue Service, from and against any and all claims for relief or causes of action for any conduct or action which currently exist or which may arise as a result of the Government's restraint of the Subject Accounts, release of the Settlement Amount, forfeiture of the Forfeited Funds, or otherwise arising from entering into this Stipulation.

10.   This Stipulation is contingent upon the Court's "so ordering" of this Stipulation and issuing a Final Order of Forfeiture as to the Forfeited Funds. The Court shall maintain jurisdiction over this action in order to enforce the provisions of this Stipulation.

11.   The Claimants and the United States agree that each of the Parties shall bear their respective costs and attorney's fees. The Claimants agree to waive any and all rights they have, if any, to recover attorney's fees or interest under the Equal Access to Justice Act, the Civil Asset Forfeiture Reform Act, or any other legal or statutory bases.

12.   This Stipulation constitutes the final, complete, and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Stipulation and supersedes all prior agreements and understandings, whether oral or

written. No other document, nor any representation, inducement, agreement, understanding, or promise constitutes any part of this Stipulation or the settlement it represents, nor shall it be used in construing the terms of this Stipulation. For purposes of construction, this Stipulation shall be deemed to have been drafted by the Parties and shall not, therefore, be construed against any party in any subsequent dispute, including but not limited to any proceedings in which the United States seeks to enforce the terms of this Stipulation.

13. If any provision of this Stipulation is hereafter determined to be invalid for any reason, the balance of this Stipulation shall remain in full force and effect. The obligations of this Stipulation apply to and are binding upon the Parties and any of their successors, transferees, heirs, and assigns.

14. The signature pages of this Stipulation, which may include electronic and scanned signature pages, may be executed in one or more counterparts, each of which will be deemed an original but all of which together shall constitute one and the same instrument.

15. Following receipt of a Stipulation of Settlement signed by the Claimants, and provided that no other claims are filed to the Subject Accounts upon completion of noticing and publication in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, counsel for the United States shall submit to the Court a proposed Final Order of Forfeiture: (a) forfeiting the Forfeited Funds to the United States; (b) directing release of the Settlement Amount in accordance with paragraph 3; (c) vacating the Willy Account from the Amended POF; and (d) directing the Clerk of Court to mark this criminal forfeiture ancillary proceeding closed.

16. Upon the Court's "so ordering" of this Stipulation, the Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this Stipulation to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated:  Brooklyn, New York
        December 04, 2020

                        RICHARD P. DONOGHUE
                        United States Attorney
                        Eastern District of New York
                        271 Cadman Plaza
                        Brooklyn, New York 11201

By: _____
     Samuel P. Nitze
     M. Kristin Mace
     Keith D. Edelman
     Brian Morris
     Assistant United States Attorneys
     (718) 254-7000

16. Upon the Court's "so ordering" of this Stipulation, the Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this Stipulation to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated:  Brooklyn, New York
        December 7, 2020

                     RICHARD P. DONOGHUE
                     United States Attorney
                     Eastern District of New York
                     271 Cadman Plaza
                     Brooklyn, New York 11201

By: *[signature: Brian Morris]*

                     Samuel P. Nitze
                     M. Kristin Mace
                     Keith D. Edelman
                     Brian Morris
                     Assistant United States Attorneys
                     (718) 254-7000

Dated: Miami, Florida
       December 04, 2020

                                        LAURO LAW FIRM
                                        *Counsel to AW Group Investments Ltd,*
                                        *Willy Consultoria Ltd and*
                                        *Alexander Kenneth Willy*
                                        101 East Kennedy Boulevard, Suite 3100
                                        Tampa, Florida 33602

                         By:    _____
                                        John F. Lauro
                                        Gregory M. Singer
                                        (813) 222-8990

AGREED AND CONSENTED TO BY:

_____
Alexander Kenneth Willy
AW Group Investments Ltd

_____
Alexander Kenneth Willy
Willy Consultoria LTDA

_____
Alexander Kenneth Willy

SO ORDERED
This _____ day of _____, 20___:

_____
HONORABLE PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE

---

*United States v. Brayan Jiménez*, 15 CR 252 (PKC)                         Page 11
Stipulation of Settlement